FILED

NOT FOR PUBLICATION

OCT 21 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| KAREN GRIGORYAN;<br>GOHAR ANDRIYAN, | ) )<br>) | No. 06-70318 |
| Petitioners, | ) )<br>) | Agency Nos. A079-561-530<br>A079-561-531 |
| v. | )<br>) | **MEMORANDUM**[*] |
| ERIC H. HOLDER Jr., Attorney<br>General, | )<br>)<br>) | |
| Respondent. | )<br>)<br>) | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 5, 2010[**]
San Francisco, California

Before: FERNANDEZ and SILVERMAN, Circuit Judges, and DUFFY,[***]
District Judge.

Karen Grigoryan, a native and citizen of Armenia, petitions for review of the

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

[***]The Honorable Kevin Thomas Duffy, United States District Judge for the Southern District of New York, sitting by designation.

Board of Immigration Appeals'[1] (BIA) denial of his application for asylum,[2]

withholding of removal,[3] and Convention Against Torture[4] (CAT) relief. We grant

the petition in part, deny it in part, and remand.

The BIA's determination that an alien is not eligible for asylum must be

upheld if "'supported by reasonable, substantial, and probative evidence on the

record considered as a whole.'" INS v. Elias-Zacarias, 502 U.S. 478, 481, 112 S.

Ct. 812, 815, 117 L. Ed. 2d 38 (1992). "It can be reversed only if the evidence

presented . . . was such that a reasonable factfinder would have to conclude that the

requisite fear of persecution existed." Id.; see also Farah v. Ashcroft, 348 F.3d

1153, 1156 (9th Cir. 2003). When an alien seeks to overturn the BIA's adverse

determination, "he must show that the evidence he presented was so compelling

that no reasonable factfinder could fail to find the requisite fear of persecution."

Elias-Zacarias, 502 U.S. at 483–84, 112 S. Ct. at 817. When an asylum claim is

---

[1]The BIA affirmed the Immigration Judge's decision without opinion. See 8 C.F.R. § 1003.1(e)(4). Thus, we actually review the Immigration Judge's decision. See Mamouzian v. Ashcroft, 390 F.3d 1129, 1133 (9th Cir. 2004).

[2]8 U.S.C. § 1158.

[3]8 U.S.C. § 1231(b)(3).

[4]United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, adopted Dec. 10, 1984, S. Treaty Doc. No. 100–20 (1988), 1465 U.N.T.S. 85 (implemented at 8 C.F.R. § 1208.18).

involved, an alien must show either past persecution or a well-founded fear of future persecution that is "subjectively genuine and objectively reasonable." Fisher v. INS, 79 F.3d 955, 960 (9th Cir. 1996) (en banc); see also Gu v. Gonzales, 454 F.3d 1014, 1019 (9th Cir. 2006).

Grigoryan has met that heavy burden. When an alien alleges mistreatment on account of political opinion, he may satisfy the nexus between conduct that rises to a persecutory level[5] and his actual or imputed political opinion[6] by showing that he was retaliated against because he exposed or threatened to expose governmental corruption.[7] Here, Grigoryan presented substantial evidence that he caused the public publication of information that powerful people had murdered his father and that the police were not interested in investigating that murder. His father, in fact, had been pursuing an investigation of corruption of the government by criminal elements. The result of that article was a violent visit to Grigoryan's house in the wee hours of the morning by a sheriff and by four other individuals, at least one of whom was a member of the Armenian Ministry of National Security and Internal

---

[5]It is not disputed that Grigoryan was subjected to conduct that reached the persecutory level.

[6]See Yan Xia Zhu v. Mukasey, 537 F.3d 1034, 1043 (9th Cir. 2008).

[7]See id. at 1043–44; Hasan v. Ashcroft, 380 F.3d 1114, 1120 (9th Cir. 2004); Grava v. INS, 205 F.3d 1177, 1181 (9th Cir. 2000).

3

Affairs. They ransacked his home and severely beat him. He was ordered to turn over all of his papers regarding the alleged murder and, most significantly, all of his father's papers regarding the corruption investigation. Moreover, Grigoryan was told that he better find the papers (when he said he did not have them) and that they would return. This concatenation of events was such that a rational trier of fact would be required to find that the persecution inflicted upon Grigoryan was on account of his whistle blowing political activity. Thus, he did suffer past persecution for asylum and withholding of removal purposes. The BIA's determination to the contrary was in error, and we must remand so that the BIA can consider whether there are changed country conditions or other reasons to deny relief. See INS v. Ventura, 537 U.S. 12, 16–17, 123 S. Ct. 353, 355–56, 154 L. Ed. 2d 272 (2002); Baghdasaryan v. Holder, 592 F.3d 1018, 1024–26 (9th Cir. 2010); Li v. Holder, 559 F.3d 1096, 1111–13 (9th Cir. 2009).

On remand, the BIA can also consider Grigoryan's claim to relief due to his assertion that he belonged to a social group of whistle blowers,[8] and his further

___

[8]See Delgado-Ortiz v. Holder, 600 F.3d 1148, 1151–52 (9th Cir. 2010); Hernandez-Montiel v. INS, 225 F.3d 1084, 1093 (9th Cir. 2000); see also Sagaydak v. Gonzales, 405 F.3d 1035, 1045 n.12 (9th Cir. 2005).

assertion that he is entitled to asylum on humanitarian grounds;[9] neither of those was considered in the BIA's prior decision, and we express no opinion upon them.

Finally, the evidence in the record does not compel a determination that it is more likely than not that Grigoryan would be tortured in Armenia. Thus, he is not entitled to CAT relief. See Wakkary v. Holder, 558 F.3d 1049, 1067–68 (9th Cir. 2009); Singh v. Gonzales, 439 F.3d 1100, 1113 (9th Cir. 2006); Hasan, 380 F.3d at 1122–23. We deny the petition in this respect.

Petition GRANTED in part, DENIED in part, and REMANDED.

---

[9]Garcia-Martinez v. Ashcroft, 371 F.3d 1066, 1078 (9th Cir. 2004).